The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Craig H.D. Armon presiding. Good afternoon, counsel. We'll call 4-21-0696. Michael Hudson v. Matthew Pate. Could counsel for the appellant please state your name for the record. Jim Getsky for the appellant. Thank you. And counsel for the appellate, could you please state your name for the record. Jack Kiley for the appellate. Thank you. Mr. Getsky, you may proceed. Thank you, your honor. May it please the court and counsel. This action was brought to recover personal injuries sustained by a 15-year-old girl. She sustained a complex leg fracture known as a tibial plafond fracture when the defendant yanked on a garden hose and swept the plaintiff's feet out from under her. Plaintiff in her complaint only alleged ordinary negligence. There were no allegations sounding at all on the issue of premise liability. The trial court earlier in the case had denied a motion for summary judgment on behalf of the plaintiff. Implicitly finding that there was a genuine issue of material fact, but nonetheless later granted a summary judgment on behalf of the defendant. Finding that there was no genuine issue of material fact, there are two issues that are presented to the court for its review. The first of which is whether personal injuries resulting from a defendant's actions as opposed to resulting from the condition of the defendant's premises constitutes a premises liability case. The second issue is whether summary judgment is proper when there is a genuine issue of material fact. The standard of review for this court is de novo. In her complaint, plaintiff had alleged that on the day in question, plaintiff joined a friend in feeding hose along the side of the Pate, P-A-T-E home to Maddox Pate, who was located at the rear corner of the house, watching both the plaintiff and plaintiff's friend. At the time, Maddox Pate yanked on the garden hose, swept the feed off from under the plaintiff. At the time that Maddox Pate yanked on the hose, he could see the defendant and her friend, excuse me, the plaintiff and her friend, and they could see the defendant. Paragraph seven of the complaint alleges, and I quote, without warning, Maddox Pate yanked on the hose, causing it to sweep Jillian's feet out from under her, causing her to slip and fall, severely fracturing her tibial plafont. The answer that's on file at the McLean County Courthouse reads, and I quote, the defendant admits that Maddox Pate did not announce that he was going to pull on the hose, admits that he did pull on the hose, admits that the plaintiff fell to the ground, and admits that she suffered a fracture as a result. The friend, Jenny Mulholland, testified that she and the plaintiff were kind of following the defendant around the yard as he was watering the various flowers at his parents' request. The hose, when it is full of water and in longer grass, can be a little bit hard to pull. So, and I'm quoting, on a couple of occasions, I quote, either Jenny Mulholland, the friend, or plaintiff, would occasionally help the defendant pull on the hose and re-situate it around the yard. Jenny Mulholland testified that she heard the defendant grunt and saw the hose cup or cuff the plaintiff's ankle, causing her to fall. It was the defendant pulling on the hose that made the plaintiff fall, and Jillian realized that the hose had wrapped around the plaintiff's ankle when she heard the defendant grunt. The friend said that plaintiff's feet went straight up in the air like she slipped on a banana peel, and that there was nothing that obstructed the view of, defendant's view of the plaintiff and Jenny Mulholland at the time that the accident happened. The trial court granted summary judgment for the defendant by employing a premises liability analysis. The court ruled, and again I'm quoting, under the open and obvious rule, a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land, whose danger is known or obvious to them, unless the possessor should anticipate harm, despite such knowing or obviousness. It is plaintiff's contention that personal injuries resulting from a defendant's actions, as opposed to the condition of the defendant's property, do not constitute a premises liability case. Other than something akin to a mid-air assault of a flight attendant, all personal injuries occur on somebody's land. That doesn't make the action a premises liability case. To hold that an injury occurring on a landowner's property is automatically a premises liability case is to completely eliminate the distinction between negligence, ordinary negligence, and premises liability. Counsel, let me ask you this question to see if I understand your position, and if I don't, you can clarify it. Is it your contention that the difference between premises liability and ordinary liability is that in a premises liability case, the defendant is alleged to have maintained a dangerous condition, whereas in an ordinary liability case, the defendant is alleged to have caused a dangerous condition? Well, in this case, the distinction, Your Honor, is that in this particular case, it was the actions, the overt act of the defendant that caused plaintiff's injuries. It was not a condition of the land, whether an obvious condition or a latent condition. Well, I understand in this case, but I'm looking for a broad statement of the rule, and I just read it to you, and I'm wondering is, in your judgment, this a correct statement? So let me read it to you again. And I think it calls for, yes, that's a correct statement, or no, it isn't, and explaining why. Okay? Very good. So here it goes. The difference between premises liability and ordinary liability is that in a premises liability case, the defendant is alleged to have maintained a dangerous condition, whereas in an ordinary liability case, the defendant is alleged to have caused the dangerous condition. With all due respect, I don't think that that is a clear enough question to state. That may not be. Okay. I just don't think it is. Your Honor, I would point to page nine of plaintiff's brief in this case, and it is an unreported case. It is a Rule 23 order as opposed to a published opinion, but it's from 2021, so it can be cited as authority, and it's the case of Ramirez v. Acevedo, and it's found at 2021 Illinois Appellate, 1st District, 200799. And the court there very explicitly said, prior to addressing defendant's arguments, we find it imperative to note the distinction between an ordinary negligence claim and a premises liability claim. Ordinary negligence requires proof of one, the existence of the duty, two, breach of that duty, three, an injury approximately caused by the breach. A claim for premises liability, on the other hand, requires proof of the same three elements as ordinary negligence, along with proof that one, there was a condition on the property that presented an unreasonable risk of harm, two, the defendant knew or reasonably should have known of the condition and risk, and three, the defendant could reasonably have expected that people on the property would not realize, would not discover, and would fail to protect themselves from the danger. In this particular case, counsel had cited three cases, all of which were premises liability cases, all of which the injuries occasioned to the plaintiff were occasioned by an inanimate stationary object. None of the three cases relied upon by the defendant in this case have anything to do with the overt acts of a defendant. And in the case of Reed v. Walmart Stores, 298 Illinois Appellate 3rd, 712, this court's 1998 opinion, this court, and let me set the stage for that, the plaintiff had sued for negligence after she stepped on a rusty nail protruding from a board situated in the middle of the defendant's garden area. And similar to some of these other cases, plaintiff submitted an instruction both on negligence, well, excuse me, plaintiff submitted an instruction on negligence, but the defendant, Walmart, submitted instruction on premises liability, requiring that the plaintiff had to prove that there was actual or constructive knowledge of the rusty nail in the middle of the aisle. The trial court gave Walmart's instructions, the jury returned a verdict for Walmart, plaintiff appealed, and this court reversed that finding and found that there was evidence demonstrating that it was Walmart, the defendant, that had placed the board with the rusty nail in the middle of the aisle. And that, therefore, it was a negligence case, not necessarily a premises liability case, and that a plaintiff would have his or her choice when making allegations and potentially could allege in the alternative. Plaintiff did not do that here. Plaintiff did not at all attempt to claim that this was a premises liability case because it wasn't the hose standing alone that caused this injury, it was the defendant yanking on the hose that caused this injury. The trial court got hung up on this open and obvious analysis, which frankly doesn't apply in a negligence case outside of premises liability, and open and obvious applies in the context of a premises liability case, only with respect to the issue of contributory negligence. It doesn't have any bearing outside of that context, and it has no bearing in a negligence case, such as alleged by the plaintiff in this case. Let me ask another question, counsel, and again, this is framed in the context of, do you agree with the statement I'm about to read, whether it's a correct statement of law? Here it goes. The open and obvious doctrine applies in ordinary negligence cases, but only when the alleged cause of injury is a condition on the land instead of a defendant's act of negligence, as occurred in this case. I agree. So you think that would be an appropriate statement? Yes. Okay. I do. Did the trial judge in this case, how do I put this, appear to understand and apply the distinction between general negligence and premises liability? No. You argued that to the court. Correct. And I lost. So here we are. Correct. So this is a summary judgment, essentially based upon the trial court's determination that the open and obvious doctrine applied to your general negligence claim on these facts. Correct. Yeah. And that's, with all due respect, that's simply a misinterpretation of the law. And unless the court has other questions, I don't have any other specific points to make. I see none, counsel. So thank you. You'll have an opportunity on rebuttal. Mr. Kiley. Thank you. May it please the court and counsel. I'm going to start by stating that I disagree with Mr. Ginsky's comments regarding Judge Foley's analysis. The record is clear that she applied both a premises liability and a ordinary negligence analysis here. Page 35 of the record, she's specifically noting the factors. Why did she provide a premises liability analysis at all? Your Honor, we presented... You asked for that, didn't you? Well, it was an either or, Your Honor, or either or both, I should say. And I think there is an interplay here. In fact, I was looking again at the cases we cited in an opinion you authored, the Winters case back in 2018, where the plaintiff had asked for a traditional duty analysis. And in that particular case, it was found that there is that interplay. And I think that's been confirmed so far back as the Supreme Court case in 1996 with Buccellaris basically indicating there is this effect of the open and obvious doctrine on the duty analysis because the foreseeability of injury is necessarily less than if a condition is open and obvious. And I don't think that's restricted to premises liability. Winters dealt with the condition on the layup, didn't it? It did. But I would say this would as well. And the plaintiff conceived as much in the brief, stating regarding the hose, of course, it's an open and obvious condition. Well, here's the difference. There's no injury in this case from the hose, from walking on the hose or the hose being a dangerous condition. The injury occurs, if I understand correctly, only when the defendant jerked the hose and caused the injury. Isn't that correct? Well, the testimony, Your Honor, actually was no one saw him, quote unquote, yank or jerk the hose. He pulled the hose, but that was the activity that the plaintiff was participating in. Right. That's true. That's true. Well, then, had he not done that, is there any reason to believe the quote condition unquote of the land cause or would have caused any injury at all? As far as I know, if the plaintiff was standing on the hose or is cupped around her foot, as she thinks it may have been, she certainly could have tripped. That's, you know, speculation on my part. But, you know, you know, you folks are expert in this and I'm I'm wrestling with this concept and I'm trying to understand. It seems to me that the idea of general negligence and premises liability are two different concepts, are they not? They are, Your Honor. But when it comes to the open and obvious analysis and we look at 343 of the restatement, it talks about activities or conditions. And I would contend this is an activity on the on the premises. Well, let me read to you the same statement I read to Mr. Ginski and ask for your assessment as to whether you agree or not. And if you don't, to tell us why. The open and obvious doctrine applies in ordinary negligence cases, but only when the alleged cause of injury is a condition on the land instead of a defendant's active negligence as allegedly occurred in this case. Your Honor, I tend to agree with the statement, but I think that because this was an activity, it's a little bit of both. And I think that does track what these other cases have found, that there is an interplay here. But getting back to Judge Foley's analysis on the traditional four factors, just strictly ordinary negligence. She found that the foreseeability of the injury and the likelihood of injury were slight, which is where she found there was no duty. And that was because the activity was known to the plaintiff. She was holding the hose in her hand. She was standing on the hose. And so the foreseeability of this happening when she knows she's participating in the very activity that caused her injury, the foreseeability is slim and none. And then the likelihood of the injury, this is described by everyone, is a freak accident. No one can believe the injury she sustained based on what happened. And then, Your Honor, from there we go to the testimony from the witness saying there was nothing that struck her as far as how this young man was pulling the hose that struck her as unreasonable. Well, wait a second, counsel. This is a motion for summary judgment, where the question is, is there a genuine issue of material fact? Not for us or the trial court to resolve facts. And with regard to questions of how dangerous was this and what should she have seen and all the rest of this, why shouldn't a jury have been permitted to make that determination? Well, simply because there was no there was no testimony to the contrary. There was no genuine issue of material fact. Mr. Ginski is reading allegations that were made, not deposition testimony that was rendered. Neither his client or a single witness have offered any testimony that this young man was doing something that was, in their view, unreasonable. They didn't see him yank or pull on the hose. There was nothing. Is there any dispute that his action with the hose, whether it's pulling or yanking on it, however you want to describe it, was the cause of the injury to the plaintiff? No, there's not. But I think we'd almost have to look at this through the lens of almost a work comp analysis where someone's injured at the workplace and it's automatically compensable. There's been no showing that he did anything that was unreasonable. In fact, the testimony is all opposite of that. And I think it all, again, is intertwined with the foreseeability element of this. I mean, it was not foreseeable that him pulling on the hose was going to have this woman's or this young lady's foot slip up like a banana peel and cause a fracture. And certainly no foreseeability on his end that she would fail to take caution for her own safety in terms of making sure she wasn't standing on the hose that they were using to water these flowers and plants around the house. I would understand an opposite conclusion if she just happened upon the area, but she was an active participant in this particular exercise. And that's where I think that I go back to whether it's a, I don't even know that it needs to be called a premises liability analysis because I really don't think it is. But I definitely think this all goes to foreseeability and the likelihood of injury, which was squarely addressed by Judge Foley. Pages 35 through 37 of the record, that's all she's discussing. She's looking at it through both lenses, which I think tracks all the cases I'm seeing in truth. In Winters as well, it seems like she's tracking that almost to a T in my view. Well, I remember Winters well, there was no question, but this was a condition of the land, Judge. Well, correct, but the condition of the land was caused. What's your best argument on what's the condition of the land here? The hose on the lawn? No, no, no. I would say in Winters in particular was a condition caused by the active conduct of the defendants, which was creating a snow pile. We also have other cases, the city of Chicago case where a hose was determined to be a condition, even though it was movable personal property. We have the salami case that a trampoline, there was no duty to warn, which is this is a duty to warn case that the defendant landowner had no duty to warn a 15 year old of the dangerousness of rocketing off a trampoline. We have other cases saying oncoming trains, there's no duty to warn against those. I mean, certainly a traffic accident, which would not be considered a purpose disliability case. We, you know, we have dart out cases where we'd expect plaintiffs to not run in front of oncoming traffic. You know, so all of those things are, you're kind of looking at it through an open obvious foreseeability element and I think in this particular case, this is just that. And I'm not asking the court to make any factual determinations there simply is not any evidence or testimony that this young man was acting in an unreasonable manner at the time so it is right for summary judgment but we're not even asking this. That would be a negligence assessment for granting summary judgment which you claim but you're looking at a panel of experienced trial judges in our prior lives, and my sympathy are all with the trial judges. And it seems to me that you might have misled this judge by arguing the premises liability aspect here as opposed to say, well, judge we understand Mr Ginski is not bringing a premises liability case, but there are some limited limited instances in which the open and obvious doctrine might apply and here they are. That's not the argument you made. Well, your honor, with respect, I'm reading from part of my motion for summary judgment that reads as follows the plaintiff in a negligence action must establish the duty of the duty of duty of care that the defendant breach that duty, and then the plaintiff incurred injuries approximately caused by the breach. I was arguing negligence standards. The very next thing I'm citing is ward which sets forth the four factors that guide the duty analysis, I was arguing both, Your Honor, and the troubling aspect if it's not a premises liability case, why are you raising it and arguing to the trial court at all. Well, Your Honor, it was more of like a belts and suspenders situation I would say I think the belt is negligence and the suspenders is the open and obvious because it discusses activities in particular in the restatement. And this was an activity, in my view. Go ahead. Well, just, just to that point. There's. This was an activity the plan for participating in that to me fits squarely in a 343 analysis. But again, we did encourage the court to follow the, the duty analysis the traditional four factor analysis which which she did. And I think for that reason, we can find that there was no foreseeability of this particular injury, based on the factual circumstances and the likelihood of injury was slight, and that her traditional negligence analysis was reached the correct conclusion that there was no duty under the factual circumstances here. Again, this this plaintiff was participating in the conduct. There was no secret what was going on here. She evidently put her foot on the hose. There's been no no testimony that my client operated or acted in an unreasonable manner that he pulled the hose too hard or in a violent or aggressive manner. Those all, in my view, are not factual issues for this point, it's for the foreseeability issue which is of course a matter of law for the for the court to decide so there was nothing about his conduct that made this more foreseeable, nothing about his It is worth noting in my mind that there is the reference to activities in the section 343 of the restatement and in a lot of cases that look at assess the effect of the open obvious doctrine on traditional factors that are relevant to the courts in position of a duty. Thank you. Thank you, Council, Mr Ginski, your bottle. Thank you, Your Honor. Thank you. Council misconstrues the concept of foreseeability. His argument is that it was not foreseeable that the plaintiff would have sustained a fracture as severe as a tibial plaquen fracture foreseeability doesn't have anything to do with the nature and extent of the injury foreseeability is does your did your activity your action. Is it foreseeable that your actions would have caused some type of injury, not how severe the injury was section 343 a of the restatement when using the term quote unquote activity refers to activity like mining or demolition. It doesn't refer to, in this case, the defendant, Yankee interpolate on the hose, and both the eyewitness friend Jenny Mohan and the plan of herself said what caused the fall was when the hose was pulled or yanked. And Council's argument with respect to foreseeability would have to mean that planet here could foresee that the defendant was going to yank the hose when it was cuffed around her ankle. That makes no sense whatsoever. I also don't believe that. Well, it's not a matter of me believing I know that the facts are disputed as to whether or not the planet was standing on the hose, or whether it was wrapped around her ankle. That's a disputed issue of fact, each of the three kids they were all 15. When this happened, each of the three kids testified inconsistently on that point, as did all three of them on the issue that the planet was holding the hose at the time of the holding the hose to justify her ruling. And as I say, whether the planet was actually holding the hose at the time of the fall or not is disputed, all three of the kids test fighting consistently on that point, that was the jury to decide. So how does the other issue that wasn't resolved, how should that affect any analysis, namely, whether the hose was around their ankle or she was standing up. I don't think it makes any difference. Well, you brought it out to us as if it does. That's why I best know. Well, I brought it up only in the context that the argument by counsel is that the planet was standing on the hose, I don't think the jury is going to conclude that I think that the jury is going to conclude that the hose wrapped around her ankle. Because if she was standing on the hose, and all probability to defend it probably wouldn't have been able to pull it. But that's again a disputed issue of fact for the jury to decide. That's not a fact that the trial court can make a determination on the trier of fact, not the trial court makes that decision. And it is, with all due respect, the plaintiff who gets to choose what her cause of action is. And here, there was no allegation of premises liability. And I don't think that the defendant can basically indicate to the court well what really is alleged here is a premises liability case, when that's simply not the fact that the trial court seems to think so. I think the trial court was very confused. And I don't know why. Because we did not plead in the alternative and the word case. The, the Walmart case where the planet was injured by a rusty nail and sticking out of a board in the middle of the aisle in the garden section of Walmart. That, in that case, the plaintiff pled both premises liability and ordinary negligence. And I could see that in that context, a court or a jury or counsel might get a little confused. I don't understand the confusion, when the one and only allegation made by the plaintiff here was ordinary negligence. All right, thank you counsel court take this matter under advisement court stands in recess.